UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| v. | ) Cr. No. 15-120-JJM-PAS |
| LOUIS MARANDOLA,<br>Defendant. | ) |

MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge

Louis Marandola has petitioned this Court under 28 U.S.C. § 2255 to vacate, set aside, or correct his judgment of conviction, entered after he pleaded guilty to one count of conspiracy to commit bank fraud and one count of aggravated identity theft. He now claims that the Court should vacate his conviction because his plea was not knowing, voluntary, and intelligent. The Court has determined that no hearing is necessary. The Court finds that Mr. Marandola's Motion to Vacate (ECF No. 172) is procedurally barred and thus DISMISSES his petition.

FACTS

A federal grand jury sitting in the District of Rhode Island indicted Mr. Marandola on charges of conspiracy to commit bank fraud, (Count 1), bank fraud (Counts 2-6), wire fraud (Counts 7-9), and aggravated identity theft (Counts 10, 12-13, 15-16, and 19).[1]

---

[1] Five other individuals were named in the same Indictment (ECF No. 3).

Mr. Marandola pleaded guilty to Counts 1 and 16, in exchange for the Government's agreement to dismiss the remaining counts. The Court sentenced him to two consecutive twenty-four-month terms of imprisonment and three years' supervised release on each count, to run concurrently. Mr. Marandola did not appeal. Mr. Marandola timely filed this Motion to Vacate.

LAW

A. Section 2255

Section 2255 provides for post-conviction relief only if the court sentenced a petitioner in violation of the Constitution or lacked jurisdiction to impose the sentence, if the sentence exceeded the statutory maximum, or if the sentence is otherwise subject to collateral attack. *United States v. Addonizio*, 422 U.S. 178, 185 (1979); *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). In trying collaterally to attack his sentence, the petitioner bears the burden of proving "exceptional circumstances" that call for redress under § 2255. *See Hill v. United States*, 368 U.S. 424, 428 (1962); *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980). For example, an error of law must be a "fundamental defect which inherently results in a complete miscarriage of justice." *Hill*, 368 U.S. at 428; *accord David*, 134 F.3d at 474.

B. Procedural Default

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent' of

the crimes for which he was convicted." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). "Cause" consists of "some objective factor external to the defense[.]" *Carrier*, 477 U.S. at 488; *see also Coleman*, 501 U.S. at 753 (noting that, in *Carrier*, "[w]e explained clearly that 'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him"). To show prejudice, the "habeas petitioner must show 'not merely that the errors at ... trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982))(alteration in original); *see also Derman v. United States*, 298 F.3d 34, 45 (1st Cir. 2002)("The showing of prejudice needed to cure a procedural default generally requires a habeas petitioner to demonstrate that there is a reasonable probability that the result of the trial would have been different absent the error. The question is not whether the petitioner, qua defendant, would more likely have received a different verdict had the error not occurred, but whether he received a fair trial, understood as a trial worthy of confidence, notwithstanding the bevue.") (internal citations and quotation marks omitted). The defendant must show both cause and prejudice. *Carrier*, 477 U.S. at 494; *Derman*, 298 F.3d at 45 (noting that petitioner bears burden of showing both cause and prejudice).

The "actual innocence" standard established by the Supreme Court in *Carrier* "requires the habeas petitioner to show that a constitutional violation has probably

3

resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To show the requisite probability, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"). *Id.* at 324. The standard is "demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624.

## ANALYSIS

As noted above, Mr. Marandola filed the Motion to Vacate (ECF No. 172), the Government then responded (ECF No. 184), and Mr. Marandola filed a reply ECF No. 189.

Mr. Marandola alleges that he incorrectly understood the elements of the aggravated identity theft charge to which he pleaded guilty. ECF No. 172 at 3.[2] He

---

[2] Mr. Marandola does not question the voluntary or intelligent nature of his guilty plea to the charge of conspiracy to commit bank fraud. *See generally* ECF No. 172.

also argues that he did not understand the statute's interpretation. *Id.* As a result, he contends, his plea was not knowing, voluntary, and intelligent. *Id.* Mr. Marandola bases his argument on the fact that when he entered his plea "he relied . . . on a statute that the First Circuit, subsequently, construed as ambiguous . . .." *Id.* at 4. The Government responds first that Mr. Marandola has procedurally defaulted his claim by not raising it on direct appeal, and, second, that the claim fails on the merits. ECF No. 184 at 1-2, 5-6. Before the Court may consider the merits of Mr. Marandola's claim, however, it must determine whether it is properly before the Court.

Mr. Marandola argues that "a Petitioner in federal custody, may attack his conviction and sentence on the grounds that it is in violation of the United States Constitution, was imposed without jurisdiction, or exceeded the maximum penalty under U.S.C. §2255." ECF No. 189 at 1-2; *see also* 28 U.S.C. § 2255(a). That said, the Supreme Court

> ha[s] strictly limited the circumstances under which a guilty plea may be attacked on collateral review. It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.

*Bousley*, 523 U.S. at 621 (internal citations and quotation marks omitted); *see also Oakes v. United States*, 400 F.3d 92, 95 (1st Cir. 2005)("It is a bedrock principle that, under ordinary circumstances, the voluntariness of a guilty plea can be questioned on collateral review under 28 U.S.C. § 2255 only if, and to the extent that, the plea has been challenged on direct appeal.")(citing *Bousley*, 523 U.S. at 621). As noted

5

above, Marandola filed no direct appeal. Thus, he has procedurally defaulted his claim. *Bousley*, 523 U.S. at 621; *Oakes*, 400 F.3d at 95 ("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted.").

Mr. Marandola's Motion may go forward if he can show either "(i) that there is cause for the default and actual prejudice resulting from it, or (ii) that he is actually innocent of the offense of conviction." *Oakes*, 400 F.3d at 95; *see also Bousley*, 523 U.S. at 622. Mr. Marandola argues that "the misinformation as to the term 'use' and its ambiguity in §1028(A) (cause), has resulted in Petitioner being imprisoned for a mandatory minimum of 24 months (prejudice). ECF No. 189 at 12. He also asserts that he was "precluded" from filing a direct appeal by the Plea Agreement (ECF No. 101). ECF No. 172 at 2; ECF No. 189 at 1. Mr. Marandola further contends that he is "actually innocent" because "from the facts, . . . his actions are not criminal . . .." ECF No. 172 at 4.

Mr. Marandola argues that "at the time of Petitioner's plea of guilty, Petitioner relied on decisions of the First Circuit regarding the elements of §1028(A);" that he "was misinformed as to the narrowed scope and element term 'use' within §1028(A) as subsequently announced in *Berroa*;"[3] and that "[t]he ambiguity of the term 'use' directly impacted Petitioner's plea as unknowing and involuntary." ECF No. 189 at 15. As noted above, "'cause' under the cause and prejudice test must be something

---

[3] *United States v. Berroa*, 856 F.3d 141 (1st Cir. 2017).

6

*external* to the petitioner, something that cannot be fairly attributed to him." *Coleman*, 501 U.S. at 753; see *also Carrier*, 477 U.S. at 488. Even if Mr. Marandola, and/or defense counsel, misunderstood or misinterpreted § 1028A, that fact can hardly be considered "external" to him. If he states that he was "misinformed" about the statute, he is apparently referring to the First Circuit's pre-*Berroa* interpretation of § 1028A.[4] Reliance on existing case law does not constitute being "misinformed;" it simply reflects the current understanding of the law *Cf. Bousley*, 523 U.S. at 619 (noting its previous holding that a petitioner's "plea was intelligent because, although later judicial decisions indicated that at the time of his plea he 'did not correctly assess every relevant factor entering into his decision,' he was advised by competent counsel, was in control of his mental faculties, and 'was made aware of the nature of the charge against him'")(quoting *Brady v. United States*, 397 U.S. 742, 756-57 (1970))(internal citation omitted). Mr. Marandola also "was advised by competent counsel, was in control of his mental faculties, and was made aware of the nature of the charge against him," *id.* at 619 (internal quotation marks omitted), as shown by the transcript of the January 13, 2017, Change of Plea Hearing, ECF No. 106 at 4-5, 16-17.

The Supreme Court in *Bousley* rejected a similar argument that the petitioner had shown "cause" for the procedural default of his claim:

> Petitioner offers two explanations for his default in an attempt to demonstrate cause. First, he argues that the legal basis for his claim

---

[4] Whether *Berroa* changed the definition of "use" in § 1028A and discussed in *United States v. Ozuna-Cabrera*, 663 F.3d 496 (1st Cir. 2011), goes to the merits of Mr. Marandola's claim.

7

> was not reasonably available to counsel at the time his plea was entered. This argument is without merit. While we have held that a claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause for a procedural default, petitioner's claim does not qualify as such. The argument that it was error for the District Court to misinform petitioner as to the statutory elements of § 924(c)(1) was most surely not a novel one. Indeed, at the time of petitioner's plea, the Federal Reporters were replete with cases involving challenges to the notion that use is synonymous with mere possession. Petitioner also contends that his default should be excused because, before *Bailey*, any attempt to attack [his] guilty plea would have been futile. This argument, too, is unavailing. As we clearly stated in *Engle v. Isaac*, futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time. Therefore, petitioner is unable to establish cause for his default.

*Bousley*, 523 U.S. at 622-23 (alteration in original)(internal citations and quotation marks omitted); *see also Oakes*, 400 F.3d at 95 n.1 (noting that argument, the Supreme Court later accepted, was not "futile" simply because the First Circuit had already rejected the argument, and did not excuse procedural default).

Mr. Marandola next claims that he was "precluded" from filing a direct appeal by the Plea Agreement. ECF No. 172 at 2; ECF No. 189 at 1; *see also* ECF No. 101 ¶ 12. He is mistaken.

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . ..

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); *accord Hibbert v. Poole*, 415 F. Supp. 2d 225, 231 (W.D.N.Y. 2006) (citing *Tollett*, 411 U.S. at 267). "In other words, under *Tollett*, the only issues reviewable by a federal habeas court relate to whether the guilty plea . . . represent[ed] a voluntary and intelligent choice among the alternative

courses of action open to the defendant." *Hibbert*, 415 F. Supp. 2d at 231 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)) (internal quotation marks omitted). This is because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett*, 411 U.S. at 267. Further, in addressing a petitioner's claim, like the one made here, that his plea was invalid, the Supreme Court said:

> He is not arguing that his guilty plea was involuntary because it was coerced, but rather that it was not intelligent because the information provided him by the District Court at his plea colloquy was erroneous. This type of claim can be fully and completely addressed on direct review based on the record created at the plea colloquy.

*Bousley*, 523 U.S. at 622; *see also Derman*, 298 F.3d at 45 (noting that, in *Bousley*, "[e]ven though the defendant entered his plea without knowing that the [Supreme] Court subsequently would curtail the statute in a way that might have affected the outcome of his case, the Court performed an archetypical procedural default analysis when it considered his habeas petition").

Thus, although Mr. Marandola waived his right to appeal most aspects of his conviction and sentence, ECF No. 101 ¶ 12 ("Defendant hereby waives Defendant's rights to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are within or below the sentencing guideline range determined by the Court."); *see also* ECF No. 106 at 15 (responding affirmatively to Court's questions about his understanding that he was waiving his right to appeal), that fact did not preclude him from appealing the voluntary and intelligent nature of his plea, *see Tollett*, 411 U.S. at 267. Moreover, as the Government points out, *Berroa* was

9

decided before Mr. Marandola's time to file an appeal expired. ECF No. 184 at 4; *see also* Fed. R. App. P. 4(b)(1) (A).[5]

Mr. Marandola has not shown cause for the procedural default of his claim. The Court therefore need not address the prejudice prong. *See Carrier*, 477 U.S. at 496 (noting adherence to cause and prejudice test "in the conjunctive")(quoting *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982)); *cf. Derman*, 298 F.3d at 45 (declining to address cause because defendant had not established prejudice).

Mr. Marandola alternatively argues that he can "establish 'actual innocence' because essential elements are not present in Petitioner's case as a result of *Berroa*." ECF No. 189 at 12.[6] This argument also fails.

First, Mr. Marandola has supplied no "new evidence" of his innocence, as required by the Supreme Court. *See Schlup*, 513 U.S. at 324; *see also id.* at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."). An interpretation, or reinterpretation, in Mr. Marandola's view, is not "evidence." Mr. Marandola's argument that the Government "now ha[s] shuffled the

---

[5] Judgment entered on May 1, 2017. ECF No. 137. Mr. Marandola then had fourteen days in which to file a notice of appeal in this Court. *See* Fed. R. App. P. 4(b)(1)(A)(i). *Berroa* was decided on May 5, 2017. 856 F.3d 141.

[6] The Court notes that Mr. Marandola's actual innocence claim, as set forth in his Reply, is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits," *Schlup*, 513 U.S. at 315, and the Court treats it as such.

Petitioner's facts to the newly defined element variables of §1028(A)," ECF No. 189 at 5, underscores the point that Mr. Marandola has supplied no new tangible evidence of his innocence. Mr. Marandola has not shown that he is innocent of the other five aggravated identity theft counts that the Government dismissed because of his plea. *See Bousley*, 523 U.S. at 624.

Mr. Marandola relies on the Supreme Court's decision in *Bousley* to support his argument that "the term 'use' in §1028(A) 'requires the defendant to pass himself off as another person or purport to take some other action on another's behalf,' and that the term 'use' is not defined as the converting of a person's name to one's benefit." ECF No. 189 at 12. He says that he seeks the same relief as the petitioner in *Bousley*. *Id.* ("The Petitioner now comes before this Honorable Court and asks for the same relief the U.S. Supreme Court had granted Petitioner Bousley . . .."). *Bousley*, however, does not help Mr. Marandola.

The petitioner in *Bousley* pleaded guilty to possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and "using" a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). 523 U.S. at 616. He appealed his sentence, but not the validity of his plea. *Id.* at 617. The petitioner next sought habeas relief under 28 U.S.C. § 2241, which the court construed as a motion to vacate under § 2255. *Id.* The petitioner challenged the validity of his plea, arguing that the plea lacked a factual basis. *Id.* Specifically, he alleged that the firearms the Government charged him with "using" were neither

11

close to the drugs nor easily accessible. *Id.* The petition was later dismissed, and the petitioner appealed. *Id.* The Court of Appeals affirmed the dismissal. *Id.* at 618.

While the petitioner's appeal was pending, the Supreme Court decided the case of *Bailey v. United States*, 516 U.S. 137 (1995).[7] *Bousley*, 523 U.S. at 617. In *Bailey*, the Supreme Court held that the "use" prong of § 924(c)(1) required that the Government show "active employment of the firearm," 516 U.S. at 144, such as "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm," *id.* at 148. Although the *Bousley* Court found that *Bailey* should apply to the petitioner's case, there were "significant procedural hurdles" to considering his claim on the merits. 523 U.S. at 621. As is the case here, the petitioner in *Bousley* had procedurally defaulted his plea claim by not raising it on direct appeal. *Id.* ("In this case, petitioner contested his sentence on appeal, but did not challenge the validity of his plea. In not doing so, petitioner procedurally defaulted the claim . . . ."). The Supreme Court remanded the case to give the petitioner the opportunity to show "actual innocence" to overcome the procedural default. *Id.* at 623.

Mr. Marandola misconstrues the Supreme Court's holding in *Bousley*. *See* ECF No. 189 at 11 ("The U.S. Supreme Court in *U.S. v. Bousley* granted Petitioner's

---

[7] The appellate court appointed counsel for the petitioner after the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). *Bousley*, 523 U.S. at 617. Counsel "argued that *Bailey* should be applied 'retroactively,' that petitioner's guilty plea was involuntary because he was misinformed about the elements of a § 924(c)(1) offense, that this claim was not waived by his guilty plea, and that his conviction should therefore be vacated." *Id.* at 617-18. As noted above, however, the Court of Appeals affirmed the district court's decision. *Id.* at 618.

request for relief under §2255."); *id.* ("The U.S. Supreme Court held that Petitioner Bousley [was] entitled to have a hearing as to the merits of his misinformation claim ...."). The Court did not grant the petitioner the relief he sought, i.e., it did not vacate his conviction. *Id.* at 618. Instead, the Court held that, although the petitioner's claim had been procedurally defaulted, "petitioner may be entitled to a hearing on the merits of it *if* he makes the necessary showing to relieve the default," 523 U.S. at 616 (emphasis added), and remanded the case "to permit petitioner to attempt to make a showing of actual innocence," *id.* at 623. Only if he made that showing would he "then be entitled to have his defaulted claim of an unintelligent plea considered on its merits." *Id.* Thus, Mr. Marandola is in the same position here as was the petitioner in *Bousley* after remand—trying to show that he is actually innocent of the crime to which he pleaded guilty to overcome the procedural default of his claim.

Second, Mr. Marandola's claim of actual innocence is based on the argument that the elements of aggravated identity theft are not present in his case post-*Berroa*. *See* ECF No. 189 at 12 ("The essential elements, as a result of *Berroa*, are missing in Petitioner's case."). Even if, for purposes of argument only, that *Berroa* redefined the elements of aggravated identity theft, Mr. Marandola's argument goes to legal sufficiency, not factual innocence. *See Bousley*, 523 U.S. at 623 (stating that "'actual innocence' means factual innocence, not mere legal insufficiency"); *Sawyer*, 506 U.S. at 339 (noting that actual innocence, or fundamental miscarriage of justice, exception "is concerned with actual as compared to legal innocence"). Mr. Marandola has supplied no evidence that he is *factually* innocent of aggravated identity theft.

13

Mr. Marandola has not proved that he is actually, factually, innocent of the aggravated identity theft count to which he pleaded guilty, much less the other five identity theft counts which the Government dismissed per the Plea Agreement. In short, he has not shown that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him," *Bousley*, 523 U.S. at 623 (internal quotation marks omitted), or that his is the kind of "extraordinary" case warranting review of his procedurally defaulted claim," *House*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327); *see also Sawyer*, 506 U.S. at 340-41, 345 (emphasizing narrowness of actual innocence exception).

Mr. Marandola procedurally defaulted his claim that his plea was involuntary and unintelligent by not raising it on direct appeal. He has not shown cause for the procedural default or actual innocence, and, as a result, has not overcome the procedural bar to having his claim heard on the merits.

## CONCLUSION

Mr. Marandola's claim has been procedurally defaulted. The Court therefore DISMISSES Louis Marandola's Motion to Vacate his conviction (ECF No. 172) under 28 U.S.C. § 2255.

## RULING ON CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court finds that this case is not appropriate for issuing a certificate of appealability, because Mr. Marandola has

failed to make a substantial showing of the denial of a constitutional right on any claim, as required by 28 U.S.C. § 2253(c)(2).

Mr. Marandola is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal here. *See* § 2255 Rule 11(a).

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

Date: March 29, 2019